IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. **10CV00018**-WYD

RICHARD J. HAAS,

    Plaintiff,

v.

THE STATE OF COLORADO,
THE COLORADO DEPARTMENT OF CORRECTIONS,
THE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
THE SUPREME COURT OF THE STATE OF COLORADO,
HONORABLE WILLIAM LUCERO, In his Capacity as Presiding Disciplinary Judge for the Supreme Court of the State of Colorado,
FRED HAINES, Individually and in his Capacity as an Attorney in the Office of the Attorney General of the State of Colorado,
CATHERINE "KIT" SULLIVAN, Individually and in her Capacity as an Attorney in the Office of the Attorney General of the State of Colorado, and
JOHN DOES, I-X, AND JANE DOES I-X, Individually and in Their Capacities as Officials of the State of Colorado who Engaged in Specific Acts Intended to Violate Plaintiff's Civil Rights,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 6 2010

GREGORY C. LANGHAM
                   CLERK

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION
AND DISMISSING THE ACTION

---

Plaintiff Richard J. Haas currently resides in Bailey, Colorado. Mr. Haas, acting *pro se*, initiated this action by filing a Complaint under 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Haas also has filed a pleading titled, "Application for a Writ of Prohibition Temporary Restraining Order" (TRO Motion) and a separate pleading titled "Information for Temporary

Restraining Order," in which he requests an immediate hearing regarding the issues he raises in his TRO Motion.

The § 1915 motion and affidavit indicate that Mr. Haas should be granted leave to proceed pursuant to 28 U.S.C. § 1915 solely on the basis of his inability to prepay fees or give security therefor. I, therefore, will grant Mr. Haas leave to proceed pursuant to § 1915.

In the TRO Motion, Mr. Haas requests that I grant a stay of all proceedings pending against him in the State of Colorado Supreme Court that have been initiated by Defendants. It appears that Mr. Haas is the subject of a proceeding before the Colorado Supreme Court, in which he has been charged with engaging in the unauthorized practice of law. Mr. Haas further asserts that the Office of the Attorney Regulation Counsel for the State of Colorado has charged him with providing legal advice in violation of Colorado law and with assisting a *pro se* litigant in the processing of a civil rights complaint. Mr. Haas contends that an unfavorable ruling by the Colorado Supreme Court could irreparably impair his prospects of ever practicing law again. He further asserts that the Attorney Regulation Counsel is seeking to encourage other states, where he has practiced law, including New York, Florida, Maryland, and the District of Columbia, to impose reciprocal disciplinary measures and suspension based on the conclusions of the proceedings in the State of Colorado.

A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Mr. Haas fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Mr.

Haas's allegations that he will suffer great and immediate irreparable injury if I fail to intervene in the pending unauthorized practice of law proceeding are conclusory and without basis.

Moreover, I will abstain from exercising jurisdiction over this action pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). Mr. Haas has a heavy burden of proof in order to overcome the *Younger* abstention bar. *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995). "[I]ntervention cannot be predicated on mere allegations; rather, the federal plaintiff must *prove* bad faith or harassment before intervention is warranted." *Id.* Simply because Mr. Haas disagrees with the charges against him and the Attorney Regulation Counsel's desire to seek disciplinary measures by other states, where Mr. Haas alleges to have practiced law, he has not demonstrated a great and immediate irreparable injury.

There are three conditions that must be met under *Younger*.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) (citing *Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989). In the instant action, all three of these conditions are met. First, the state court proceedings are ongoing. Second, Mr. Haas may raise his constitutional due process claim in the course of the state court proceedings. Mr. Haas has not shown that the state court is not an adequate forum to hear his defenses and constitutional challenges to the investigation for alleged unauthorized practice of law. *See Chapman v.*

*Oklahoma,* 472 F.3d 747, 749 (10th Cir. 2006). Finally, the state court action involves important state interests concerning the alleged unauthorized practice of law. *See Middlesex Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423, 434 (1982) ("States traditionally have exercised extensive control over the professional conduct of attorneys.") Regulation and control of the practice of law in Colorado is within the exclusive jurisdiction of the Colorado Supreme Court. *Smith v. Mullarkey,* 121 P.3d 890, 891 (Colo. 2005); *see also Unauthorized Practice of Law Committee of Supreme of Colorado v. Grimes,* 654 P.2d 822, 823 (Colo. 1982) ("It is within our authority to promulgate rules governing the admission and regulation of lawyers, as well as prohibitions against the unauthorized practice of law").

I also note that even if jurisdiction were proper in this action all named Defendants are immune from suit for money damages. *See Mireles v. Waco,* 502 U.S. 9, 9-10 (1991) (law judges are generally immune from suits for money damages); *see also Meade v. Grubbs,* 841 F.2d 1512, 1525-26 (10th Cir. 1988) (State of Colorado and its entities are protected by Eleventh Amendment immunity); *Imbler v. Pachtman,* 424 U.S. 409, 420-24 (1976) (with respect to the prosecutorial activities, attorneys enjoy immunity from suit under 42 U.S.C. § 1983). Based on the above findings, it is

ORDERED that the Clerk of the Court commence this civil action. It is

FURTHER ORDERED that Mr. Haas's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 is granted. It is

FURTHER ORDERED that Mr. Haas's TRO Motion and related request for a hearing are denied. It is

FURTHER ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

_____
WILEY Y. DANIEL, Chief Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-00018-WYD

Richard J. Haas
104 Linda Trail
Bailey, CO 80421

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/6/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk